Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
**BLAKELY LAW GROUP**
1108 Manhattan Avenue, Unit B
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401
**Attorneys for Plaintiff**
**Ton Savon d/b/a La Chatelaine**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TON SAVON d/b/a LA CHATELAINE, a California Corporation,

                    Plaintiff,

          v.

LYAN PRODUCTS LLC d/b/a YOKEN, a Pennsylvania Limited Liability Company; and DOES 1-10, inclusive,

                    Defendant.

CASE NO.:  2:25-cv-07110

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**

1. **TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT**

2. **TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW**

3. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.***

4. **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**

**JURY TRIAL DEMANDED**

          **Plaintiff Ton Savon d/b/a La Chatelaine** ("La Chatelaine" or "Plaintiff") for its Complaint against **Defendant Lyan Products LLC d/b/a Yoken** ("Yoken") and DOES 1-10 (collectively "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises out of Defendant's complicit and unlawful acts constituting trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), and violations of statutory and common law of the state of California.

2.      This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.      This Court has personal jurisdiction over Defendant because Defendant conducts continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products and caused injuries to Plaintiff within the Central District of California.

4.      Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and Plaintiff is located and has been injured in this judicial district, and 28 U.S.C. § 1400(b) because Defendant committed acts of infringement in this judicial district.

## THE PARTIES

5.      Plaintiff Ton Savon d/b/a La Chatelaine is a corporation organized and existing under the laws of the state of California, with its principal place of business in Manhattan Beach, California.

6.      Upon information and belief, Defendant Lyan Products LLC d/b/a Yoken is a limited liability company organized and existing under the laws of the state of Pennsylvania doing business across the United States, including within this judicial district, with its principal place of business at 412 E. William Cannon Dr., Austin, Texas 78745.

7.      Plaintiff is informed and believes that, together with Yoken, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including Yoken) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to La Chatelaine.  Plaintiff will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.**              **La Chatelaine and the Signature Collection Trade Dress**

8.      La Chatelaine has been engaged in the design, distribution, marketing, offering for sale, and sale of hand creams, soaps, candles, and other personal care products since 2015.

9.      Since then, La Chatelaine has enjoyed great success in the marketplace, and is one of the "top choices" for hand cream on Amazon.  Since 2015, when the brand was founded, the popularity of La Chatelaine personal care products has steadily grown in the U.S. and around the world.  La Chatelaine has been and remains highly coveted today by consumers.

10.      For example, in 2018 and 2019, La Chatelaine's deluxe hand cream set and luxury soap collection were featured on Oprah's Favorite Things® list.  Since then, the popularity of La Chatelaine products has grown exponentially.

11.      The world-wide recognition and the overwhelming popularity of the brand is due to La Chatelaine's continuous commitment to quality and excellence. Today, La Chatelaine's personal care products are widely available and sold to consumers in every state, including California, through authorized retailers on the internet and brick-and-mortar stores, as well as on the internet on Amazon and www.lachatelainebeauty.com.

12.      The packaging in which La Chatelaine sells its hand cream signature gift sets (the "Signature Collection Trade Dress") is both inherently distinctive and has

acquired secondary meaning and is exclusively associated with La Chatelaine in the eyes of consumers.

13. The Signature Collection Trade Dress is comprised of the following, non-functional elements:  (a) a wide, shallow rectangular tin box container; (b) with a bright background, primarily in secondary colors; (c) featuring decorative elements of detailed botanical elements (flowers and leaves/stems) in a contrasting color to the background; (d) an embossed circular emblem centered on the lid of the box, which is white with black decorative elements that says "Hand Cream" and "20% shea butter" in a circular design in the interior; and (e) multiple 30 ml/1 oz metal tubes with  labels in coordinating colors to the colors on the box and bearing a similar circular decorative emblem describing the scent of the hand lotion.

**B.**                              **Defendant's Infringing Activities**

14. This lawsuit arises from Defendant's design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the U.S. of certain hand lotion gift sets that infringe upon La Chatelaine's Signature Collection Trade Dress (the "Accused Products").

15. Upon information and belief, Defendant Yoken is engaged in the retail sale of a range of personal care products, via Amazon (www.amazon.com), and via its own website (which refers would-be consumers back to Amazon) that are accessible to customers nationwide, including to those within this judicial district.

16. Upon information and belief, Yoken is a competitor of La Chatelaine, and Defendant introduced the Accused Products into the stream of commerce in an effort to exploit La Chatelaine's goodwill and the reputation of the La Chatelaine Signature Collection hand lotion gift sets.

17. La Chatelaine has not granted Defendant a license to practice nor given Defendant any form of permission to use La Chatelaine's trademarks or trade dresses, including the Signature Collection Trade Dress.

18.     Upon information and belief, Defendant imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified by name as Yoken brand "20% Shea Butter Hand Cream Gift Set" through Amazon to consumers nationwide, including consumers located within this judicial district. Exemplar of the Accused Product below:



19.     Defendant also copied La Chatelaine's marketing photographs in connection with the sale of its infringing products. Screencaputures of La Chatelaine's marketing photographs featuring the Signature Collection Trade Dress (left) and Defendant's marketing photographs featuring the Accused Products, taken from the

Parties' Amazon listings, can be seen below:



20.     Upon information and belief, Defendant may have sold additional products that infringe upon La Chatelaine's trade dresses.  La Chatelaine will seek leave to amend as additional information becomes available through discovery.

21.     Upon information and belief, Defendant have acted in bad faith and Defendant's unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Accused Products with La Chatelaine, and/or the origin, sponsorship, or approval of the Accused Products by La Chatelaine.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement of "The Signature Collection Trade Dress"- 15 U.S.C. § 1125(a))

22.     Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

23.     In 2015, La Chatelaine introduced the Signature Collection Gift Sets, marketed and featuring the design elements protected under the "Signature Collection Trade Dress." The Signature Collection Trade Dress is unique and inherently distinctive, and comprised of the following non-functional elements:

1      a.    A wide, shallow rectangular tin box container;

2      b.    With a bright background, primarily in secondary colors;

3      c.    Featuring decorative elements of detailed botanical elements

4   (flowers and leaves/stems) in a contrasting color to the background;

5      d.    An embossed circular emblem centered on the lid of the box, that

6   says "Hand Cream" around the perimeter and "20% shea butter" in a circular

7   design in the interior;

8      e.    Multiple 30 ml/1 oz tubes with labels in coordinating colors to

9   the colors on the box and bearing a similar circular decorative emblem

10  describing the scent of the hand lotion.

11      24.    The Signature Collection Trade Dress, which is a composite of the above-

12  referenced features, is non-functional in its entirety, visually distinctive, and unique in

13  the personal care product industry; examples of its distinctive appearance as a whole

14  are shown in the photographs below:

15

16

17

18

19

20

21

22

23

24

25

26

27

28




1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23




24
25
26
27
28

25.     The design of the Signature Collection Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the hand lotion gift set.  There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Signature Collection Trade Dress. The combination of features comprising the Signature Collection Trade Dress provides no

cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the Signature Collection Gift Sets, the embodiment of the Signature Collection Trade Dress, as a distinct product originating solely from La Chatelaine.

26.    The Signature Collection Gift Sets, the embodiment of the Signature Collection Trade Dress, is one of the most well-recognized and commercially successful styles of La Chatelaine brand of personal care products, having been featured in many of La Chatelaine's advertising and promotional materials as well as in various trade publications. The Signature Collection Gift Sets have received a large volume of unsolicited media attention, for example, through being featured on Oprah's Favorite Things, as alleged hereinabove.

27.    La Chatelaine has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the La Chatelaine brand and its line of personal care products embodying the Signature Collection Trade Dress. La Chatelaine spends significant monies annually on advertising of its products, including personal care products embodying the Signature Collection Trade Dress.

28.    The Signature Collection Trade Dress is inherently distinctive. Nevertheless, due to its long use, extensive sales, and significant advertising and promotional activities, La Chatelaine's Signature Collection Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.  Indeed, La Chatelaine has sold millions of dollars' worth of Signature Collection Gift Sets, the embodiment of the Signature Collection Trade Dress. Accordingly, the Signature Collection Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify La Chatelaine as the exclusive source of hand lotion gift sets featuring said trade dress.

29.    Upon information and belief, Defendant is a competitor of La Chatelaine and Defendant introduced the Accused Products into the stream of commerce to exploit La Chatelaine's goodwill and the reputation of the La Chatelaine Signature Collection

Gift Set.

30.    The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bear confusingly similar reproductions of the Signature Collection Gift Set, such as to cause a likelihood of confusion as to the source, sponsorship or approval by La Chatelaine of the Accused Products.

31.    Defendant's use of the Signature Collection Trade Dress is without La Chatelaine's permission or authorization, and in total disregard of Plaintiff's rights to control its intellectual property.  There are numerous other product packaging options in the personal care product industry, none of which necessitate copying or imitating the Signature Collection Trade Dress.

32.    Defendant's use of the Signature Collection Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with La Chatelaine.

33.    As a direct and proximate result of the foregoing acts, La Chatelaine has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  La Chatelaine is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant because of its infringing acts.

34.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate La Chatelaine for the harm caused by Defendant's infringement, which is ongoing.  Accordingly, La Chatelaine is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Signature Collection Trade Dress, or any designs confusingly similar thereto.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement of "Classic Ultra Mini Trade Dress" – California Common Law)

35.    Plaintiff incorporates by reference each and every one of the preceding

paragraphs as though fully set forth herein.

36.    Defendant's infringement of the Signature Collection Trade Dress also constitutes trade dress infringement under common law of the state of California.

37.    The Accused Product manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bear confusingly similar reproductions of the Signature Collection Trade Dress such as to cause a likelihood of confusion as to the source, sponsorship or approval by La Chatelaine of the Accused Products.

38.    Defendant's unauthorized use of the Signature Collection Trade Dress has caused and is likely to cause confusion as to the source of Accused Products among consumers.

39.    As a direct and proximate result of the foregoing acts, La Chatelaine has suffered and will continue to suffer significant injuries in an amount to be determined at trial. La Chatelaine is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts.

40.    Defendant's unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of La Chatelaine's rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

41.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate La Chatelaine for the damages caused by Defendant's infringement, which is ongoing. Accordingly, La Chatelaine is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Signature Collection Trade Dress, or any designs confusingly similar thereto.

## THIRD CLAIM FOR RELIEF

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq.*)**

42.    Plaintiff incorporates by reference each and every one of the preceding

paragraphs as though fully set forth herein.

43.    Defendant's misappropriation and unauthorized use of the Signature Collection Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by La Chatelaine, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*

44.    Upon information and belief, Defendant's deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Signature Collection Trade Dress and with the intent to misappropriate La Chatelaine's goodwill and reputation established in the Signature Collection Gift Sets.

45.    As a direct and proximate result of the foregoing acts, La Chatelaine has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  La Chatelaine is entitled to all available relief provided for under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendant made on account of its deceptive, unfair, and fraudulent business practices.    Furthermore, because La Chatelaine has no adequate remedy at law for Defendant's ongoing unlawful conduct, La Chatelaine is entitled to injunctive relief prohibiting Defendant from unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – California Common Law)

46.    Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

47.    Defendant's misappropriation and unauthorized use of the Signature Collection Trade Dress to promote the Accused Products also constitutes unfair competition in violation of common law of the state of California.

48.    La Chatelaine has expended substantial time, resources and effort in

creating and developing its products, including the Signature Collection Gift Sets, the embodiment of the Signature Collection Trade Dress, which consumers recognize as originating from La Chatelaine.

49.    Upon information and belief, Defendant introduced Accused Products into the stream of commerce in order to exploit La Chatelaine's goodwill and the reputation established in the Signature Collection Gift Sets for Defendant's own pecuniary gain. Defendant's unauthorized use of the Signature Collection Trade Dress resulted in Defendant unfairly benefiting from La Chatelaine's goodwill and the reputation established in the Signature Collection Gift Sets.

50.    Upon information and belief, Defendant's unlawful acts are willful, deliberate, and intended to cause confusion among the public and taken in reckless disregard of La Chatelaine's rights.  As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

51.    As a direct and proximate result of the foregoing acts, La Chatelaine has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  La Chatelaine is entitled to recover all damages, including attorneys' fees, that La Chatelaine has sustained on account of Defendant's unfair competition, and all gains, profits and advantages obtained by Defendant as a result of its unlawful acts. Furthermore, because La Chatelaine has no adequate remedy at law for Defendant's ongoing unlawful conduct, La Chatelaine is entitled to injunctive relief prohibiting Defendant from unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ton Savon d/b/a La Chatelaine respectfully prays for judgment against Defendant Lyan Products LLC d/b/a Yoken and DOES 1-10 as follows:

52.    A judgment that Defendant infringed La Chatelaine's Signature Collection Trade Dress;

53.    An order permanently enjoining and restraining Defendant, their agents,

servants, employees, officers, associates, and all persons acting in concert with any of them from infringing La Chatelaine's intellectual property at issue, including but not limited to infringing acts such as:

      a.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as La Chatelaine's Signature Collection Trade Dress;

      b.    engaging in any other activity constituting unfair competition with La Chatelaine, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with La Chatelaine; and

      c.    committing any other act which falsely represents or which has the effect of falsely representing goods and services of Defendant are licensed, authorized, offered, produced, sponsored, or in any other way associated with La Chatelaine;

54.    An order requiring Defendant to recall from any distributors and retailers and to deliver to La Chatelaine for destruction any Accused Products, including the means of making such products;

55.    An order requiring Defendant to file with this Court and serve on La Chatelaine within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth the manner in which Defendant complied with the injunction;

56.    An order for an accounting of all gains, profits and advantages derived by Defendant on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a), Cal. Bus. & Prof. Code, § 17200 *et. seq*., and any other applicable federal statute or California state and common law;

57.    An award of damages equal to Defendant's profits and all damages sustained by La Chatelaine as a result of Defendant's wrongful acts;

58.    An award of damages equal to treble Defendant's profits or La Chatelaine

1    damages, whichever is greater, on account of Defendant's willful infringement;

2        59.    An award of punitive damages and La Chatelaine's costs, attorneys' fees,

3    and interest as allowed under all applicable federal statutes and California state laws;

4    and

5        60.    All other relief that the Court may deem just and proper.

6

7    Dated:        July 31, 2025        **BLAKELY LAW GROUP**

8

9                                By:    */s/ Brent H. Blakely*
10                                    Brent H. Blakely
                                    Victoria Mulvey
11                                    ***Attorneys for Plaintiff***
                                    ***Ton Savon d/b/a La Chatelaine***

12

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff La Chatelaine hereby demands a trial by jury as to all claims in this Civil Action.


Dated:          July 31, 2025          **BLAKELY LAW GROUP**


                                        By:    */s/ Brent H. Blakely*_____
                                               Brent H. Blakely
                                               Victoria Mulvey
                                               ***Attorneys for Plaintiff***
                                               ***Ton Savon d/b/a La Chatelaine***